J-S30030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEFFREY GIDDINGS :
:
Appellant : No. 283 EDA 2023

Appeal from the PCRA Order Entered January 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0514881-1991

BEFORE: BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 12, 2023**

Jeffrey Giddings appeals *pro se* from the order dismissing his petition

filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-

9546. Because Giddings' petition is untimely and he has not satisfied any

exception to the PCRA's timeliness requirement,[1] we affirm.

In 1992, following a bench trial, the Honorable David N. Savitt convicted

Giddings of four counts of robbery and one count each of first-degree murder,

criminal conspiracy and possessing an instrument of crime. On October 21,

1992, the court sentenced Giddings to life imprisonment. This Court affirmed

Giddings' judgment of sentence. ***Commonwealth v. Giddings***, 640 A.2d

---

[1] These exceptions are: (1) the failure to raise the claim previously was due
to governmental interference; (2) the facts of the claim were unknown to the
petitioner and could not have been ascertained by due diligence; or (3) a
newly-recognized constitutional right that the United States Supreme Court or
Pennsylvania Supreme Court has been held to apply retroactively. ***See*** 42
Pa.C.S.A. § 9545(b)(1)(i)-(iii).

471 (Pa. Super. 1994) (Table). Giddings did not seek review in the Pennsylvania Supreme Court and, thus, his judgment of sentence became final on February 28, 1994, when his time for seeking such review expired. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113 (allowing thirty days to file petition for allowance of appeal).

Approximately eight years later, on February 6, 2002, Giddings filed a *pro se* PCRA petition, his first, in which he averred that his trial counsel was ineffective for failing to file a petition for allowance of appeal. The PCRA court appointed counsel and ultimately permitted counsel to withdraw pursuant to **Turner/Finley**.[2] On October 2, 2002, the PCRA court dismissed Giddings' PCRA petition and, on collateral appeal, this Court affirmed the dismissal of the petition. **See Commonwealth v. Giddings**, 832 A.2d 536 (Pa. Super. 2003) (Table). Giddings did not file a petition for allowance of appeal.

Over the next several years, Giddings filed a second and third PCRA petition, each of which was dismissed as untimely. In 2016, Giddings filed his fourth PCRA petition, *pro se*, seeking relief under **Miller v. Alabama**, 567 U.S. 460 (2012) and **Montgomery v. Louisiana**, 577 U.S. 460 (2016).[3] The

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[3] In **Miller**, the United States Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was a juvenile. The United States Supreme Court later held in **Montgomery** that its decision in **Miller** applies retroactively. Giddings was 19 years old at the time of the murder.

PCRA court dismissed that petition, and this Court affirmed. **See Commonwealth v. Giddings**, 1092 EDA 2017 (Pa. Super. filed May 16, 2018) (unpublished memorandum decision).

On August 20, 2021, Giddings filed the instant *pro se* PCRA petition,[4] his fifth. In his petition, Giddings alleges appointed counsel's 2002 "no-merit" letter "perpetrated a fraud on the court by alleging the claims [of trial counsel's ineffectiveness made in his 2002 PCRA petition] had no merit." **See** PCRA Petition, 8/20/21, at 2; Appellant's Brief, at 7.

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). A PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks

_____

[4] Giddings' submission was captioned as a motion to reconsider the order dismissing his 2002 PCRA petition. **See** 42 Pa.C.S.A. § 9542 (stating PCRA petition "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies"). We agree with the PCRA court that Giddings' claim is cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii) (encompassing claims of ineffective assistance of counsel).

jurisdiction to address its substantive claims. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005).

Here, Giddings' judgment of sentence became final in 1994. His petition, filed on August 20, 2021, is facially untimely. Giddings avers appointed counsel should not have been permitted to withdraw and counsel's failure to file a petition for allowance of appeal in 2002 amounted to ineffective assistance of counsel. ***See*** PCRA Petition, 8/20/21, at 1. As such, Giddings neither pleads nor proves any exception to the one-year timeliness requirement. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000); ***see also Commonwealth v. Abu-Jamal***, 833 A.2d 719, 725-726 (Pa. 2003) (PCRA petitioner cannot establish "new fact" exception merely by alleging possible ineffective assistance of counsel claims were unknown to petitioner and could not have been discovered until after present counsel reviewed petitioner's file). Thus, as Giddings' ineffectiveness claim did not constitute a "new fact" for purposes of section 9545(b)(1)(ii), the PCRA court lacked jurisdiction to consider its merits.

Because Giddings has not shown that any statutory exception to the PCRA's one-year time limit applies to the claims of ineffective assistance of PCRA counsel that he asserted in his 2002 PCRA petition, the trial court correctly held that Giddings' 2021 PCRA petition was untimely.[5] Giddings,

_____

[5] We note that our Supreme Court's decision in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), which held a PCRA petitioner may, after PCRA court
*(Footnote Continued Next Page)*

therefore, is ineligible for relief. **See** 42 Pa.C.SA. § 9545(b)(1)(i-iii).

Accordingly, we affirm the PCRA court's order dismissing Giddings' petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2023

---

denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal, does not provide an exception to the PCRA's time bar. The **Bradley** Court stated that "allowing a petitioner to raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal[,] . . . best recognizes a petitioner's right to effective PCRA counsel while advancing equally legitimate concerns that criminal matters be efficiently and timely concluded." **Id.** at 405.

We note that several, non-precedential decisions of this Court have repeatedly determined that **Bradley** does not permit the filing of a subsequent untimely PCRA petition as a method of raising claims of ineffectiveness of PCRA counsel. **See, e.g.**, **Commonwealth v. Bingaman**, 123 WDA 2022, (Pa. Super. filed Oct. 21, 2022) (unpublished memorandum decision); **Commonwealth v. Bernal**, 974 MDA 2021 (Pa. Super. filed Sept. 13, 2022) (unpublished memorandum decision); **Commonwealth v. Dennis**, 1926 EDA 2021 (Pa. Super. filed Aug. 29, 2022) (unpublished memorandum decision). **See also Commonwealth v. Dixon**, 1145 EDA 2022 (Pa. Super. filed Dec. 28, 2022) (unpublished memorandum decision (holding **Bradley** does not trigger the timeliness exception of Section 9545(b)(1)(iii)); **Commonwealth v. Parkinson**, 1286 EDA 2022 (Pa. Super. filed Oct. 6, 2022) (unpublished memorandum decision) (holding **Bradley** did not create new, non-statutory exception to PCRA time bar).